IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHRISTOPHER GOODVINE,

    Plaintiff,

v.

J. SCHWOCHERT, MARC CLEMENTS,
SCOTT ECKSTAIN, STEVE SCHUELER,
JOHN KIND, JAY VANLANEN, DR. LORI
ADAMS, and DR. JESSICA HARRIS-FORBES,

    Defendants.

ORDER

Case No. 18-cv-200-wmc

On March 21, 2018, *pro se* plaintiff Christopher Goodvine filed a complaint claiming that officials at the Green Bay Correctional Institution ("GBCI") are violating his constitutional rights by failing to treat his mental health needs and subjecting him to harsh conditions of confinement. His complaint came under advisement for screening pursuant to 28 U.S.C. § 1915A on April 6, 2018. On July 10, 2018, Goodvine filed a motion for screening with this court (dkt. #12), and recently he petitioned the Court of Appeals for the Seventh Circuit to direct this court to screen his complaint (dkt. #17). While the court regrets any further delay that may result, this lawsuit will be most efficiently resolved by transferring it to the Eastern District of Wisconsin -- Green Bay Division, where GBCI is located and where Goodvine's prior lawsuits bringing similar claims have been resolved.

Indeed, this case appears to be Goodvine's *third* effort to challenge his ongoing conditions of confinement and mental health treatment at GBCI. In the first lawsuit, *Goodvine v. Eckstein, et al.*, 16-cv-890-pp, Goodvine challenged conditions and policies at GBCI and the prison staff's alleged failure to protect him from harming himself. Goodvine

was permitted to proceed on several claims in September of 2016. The court initially ordered mediation and recruited counsel for the limited purpose of mediating that case, though the mediation was ultimately canceled by order of the court and recruited counsel was released from her duty to represent Goodvine further. *Id.*, dkt. #68, in 16-cv-890-pp. On September 29, 2017, that case was transferred to the Green Bay Division of the Eastern District of Wisconsin, and Judge Griesbach became the presiding judge. The second lawsuit began in this court but was also transferred to the Eastern District of Wisconsin on September 8, 2017, after this court screened his complaint and held a hearing related to Goodvine's complaint about how GBCI was handling his mental health treatment at that point in time. *Goodvine v. Litscher*, Case No. 17-cv-1223-WCG (E.D. Wis. July 5, 2017).[1] After its transfer, Case No. 17-cv-1223 was similarly assigned to Judge Griesbach.

In early 2018, Judge Griesbach determined that Goodvine was relying on a fraudulent affidavit in support of his claims in both lawsuits. As a sanction, he dismissed both lawsuits, and issued Goodvine a strike in each case pursuant to 28 U.S.C. § 1915(g). Case No. 17-cv-1223, dkt. #84; Case No. 16-cv-890, dkt. #112. While filed on March 21, 2018, the present case similarly relates to how GBCI staff have been handling Goodvine's mental health care and confinement since July of 2017. Moreover, while Goodvine names two defendants that are located in this district, he includes *no* factual allegations against either, making the transfer appropriate under 28 U.S.C. § 1404(a). Even if those nominal defendants supported this court's exercise of venue, all the other defendants are GCBI employees located in the Eastern District, and Judge Griesbach has

---

[1] The assigned case number in this court was 16-cv-703-wmc.

2

substantial knowledge about Goodvine's conditions, mental health needs, and history of manipulation, as well as the relevant caregivers and GBCI officials that have been handling his care since 2016. Accordingly, Judge Griesbach remains in the best position to facilitate the most efficient resolution of Goodvine's claims involving his treatment at GBCI.

ORDER

IT IS ORDERED that the clerk of court is directed to TRANSFER this matter to the Eastern District of Wisconsin -- Green Bay Division for further proceedings.

Entered this 22nd day of October, 2018.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge